IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| VAN TUBBS, #06762-027, | : | |
| Petitioner, | : | |
| vs. | : | CA 17-0370-KD-MU |
| WARDEN JENNIFER SAAD, | : | |
| Respondent. | | |

**REPORT AND RECOMMENDATION**

Van Tubbs, who is currently confined at the Federal Correctional Institution-Gilmer ("FCI-Gilmer") in Glenville, West Virginia, has filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging the federal Bureau of Prisons' calculation of his jail time credit. (Doc. 4, at 6-8 & 10-12.) This matter, which is before the Court on the petition and supporting memorandum of law (Doc. 4) and the Respondent's response to order to show cause (Doc. 9),[1] has been referred to the undersigned for the entry of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72, and General Local Rule 72(a)(2)(R).

**PROCEDURAL BACKGROUND**

According to Tubbs, he was serving time in an Indiana state prison in 2014 when he was brought to the Southern District of Alabama, via writ, to face federal drug and money laundering charges. (Doc. 4, at 1 & 7). Tubbs claims to have been in federal

---

[1] Petitioner was extended the opportunity to file a reply (Doc. 10 (ordering Tubbs to file a reply to the response of Saad by not later than December 8, 2017)); however, he has not filed a reply (*see* Docket Sheet).

custody from July 21, 2014 until November 30, 2015, when he was returned to state custody. (*Id.* at 7). At the time of his sentencing on the federal charges, on September 24, 2015, Tubbs avers that Judge Kristi DuBose ordered that his federal sentence run concurrent with any state sentence and that he be given credit for the time he was in federal custody. (*See id.*). Tubbs, who again is confined at FCI-Gilmer in Glenville, West Virginia, is now challenging in this § 2241 petition the manner in which the Bureau of Prisons ("BOP") has calculated his federal sentence. (*Id.* at 1 & 7). More specifically, while Tubbs acknowledges that the BOP has credited him with the time he remained in federal custody after his September 24, 2015 sentencing until he was returned to state custody on November 30, 2015 (*see id.* at 7), he maintains that he is also entitled to prior custody credit against his federal sentence for the time spent in custody from July 21, 2014 until his September 24, 2015 sentencing (*id.*; *see also id.* at 12 ("The B.O.P. properly calculated the federal sentence from the September 24, 2015 sentencing date. Therefore[,] I humbly ask this Honorable Court [to] issue an Order for the B.O.P. to properly calculate from July 21, 2014 until September 24, 2015 (14 months) to the federal sentence. This is because these w[ere] months under federal writ, <u>solely</u> in federal custody.")).

## DISCUSSION

It is clear that challenges to the execution of a sentence, as opposed to the validity of a sentence, are properly brought in accordance with 28 U.S.C. § 2241. *Antonelli v. Warden, U.S.P. Atlanta,* 542 F.3d 1348, 1352 (11th Cir. 2008). The "administration of service credits, including calculation, awarding, and withholding, is done by the BOP . . . [and] involves the execution . . . of sentence[.]" *Bishop v. Reno,*

210 F.3d 1295, 1304 n.14 (11th Cir.), *cert. denied,* 531 U.S. 897, 121 S.Ct. 229, 148 L.Ed.2d 163 (2000). Therefore, Tubbs properly brings this action pursuant to § 2241 challenging the BOP's calculation of his federal sentence, that is, the administration of service credits. However, Tubbs has filed his challenge in the wrong district court. "Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent ***and file the petition in the district of confinement***." *Rumsfeld v. Padilla,* 542 U.S. 426, 447, 124 S.Ct. 2711, 2724, 159 L.Ed.2d 513 (2004) (emphasis supplied); *see also Garcia v. Warden,* 470 Fed.Appx. 735, 736 (11th Cir. Mar. 27, 2012) (holding that "jurisdiction for § 2241 petitions lies only in the district of confinement"); *United States v. Saldana,* 273 Fed.Appx. 845, 846 (11th Cir. Apr. 15, 2008) ("Only a court inside the district where the prisoner is confined has jurisdiction to grant relief pursuant to § 2241."); *Fernandez v. United States,* 941 F.2d 1488, 1495 (11th Cir. 1991) ("Section 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated."); *see Dupree v. Warden,* 2014 WL 11456077, *3 (S.D. Fla. Sept. 9, 2014) ("A § 2241 petition seeking a sentence reduction pursuant to 18 U.S.C. § 3585(b) is subject to two important conditions. First, the petition must be filed against the petitioner's warden, and must be filed in the district in which the petitioner is confined."), *report and recommendation adopted,* 2014 WL 11460907 (S.D. Fla. Sept. 30, 2014), *aff'd,* 606 Fed.Appx. 559 (11th Cir. June 8, 2015). Here, Tubbs' current place of confinement—FCI-Gilmer (Doc. 4, at 1)—is within the jurisdiction of the United States District Court for the Northern District of West Virginia.[2]

---

[2] FCI-Gilmer is located in Glenville, West Virginia (Doc. 4, at 1). Glenville, West (Continued)

Based upon the foregoing, it is recommended that, in the interest of justice, *see* 28 U.S.C. § 1404(a), this action be transferred to the United States District Court for the Northern District of West Virginia for all further proceedings.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is

---

Virginia is the county seat of Gilmer County, West Virginia *see* https://en.wikipedia.org/wiki/Glenville,_West_Virginia (last visited Dec. 8, 2017, at 2:09 p.m.), and Gilmer County is a county within the Northern District of West Virginia, *see* 28 U.S.C. § 129(a) ("The Northern District [of West Virginia] comprises the counties of Barbour, Berkeley, Braxton, Brooke, Calhoun, Doddridge, **Gilmer** . . . and Wetzel.").

found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this the 4th day of January, 2018.

                                  s/P. BRADLEY MURRAY  
                                  **UNITED STATES MAGISTRATE JUDGE**